IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Tacorey Killebrew (R74052), ) | |
| ) | |
| Plaintiff, ) | Case No. 14 C 7120 |
| ) | |
| v. ) | Hon. Sharon Johnson Coleman |
| City of Chicago, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendants' motion to dismiss [126] is granted. Plaintiff's complaint is dismissed with prejudice for failure to state a federal claim. Final judgment shall enter.

**STATEMENT**

Plaintiff, Tacorey Killebrew, a prisoner at Pinckneyville Correctional Center, brought this action *pro se* under 42 U.S.C. § 1983. Plaintiff is presently proceeding on a false arrest claim and claim based on a violation of his *Miranda* rights. The matter was stayed for an extended period of time while his underlying state criminal proceedings took place. The stay has been lifted and Defendants' motion to dismiss is before the Court.

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). However, in ruling on a Rule 12(b)(6) motion to dismiss, a court may also consider "those matters of which the court may take judicial notice." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). It is well established that courts can take judicial notice of matters of public record, and court documents regarding Plaintiff's criminal case constitute public records. *Pugh v. Tribune Co.*, 521 F.3d 686, 691, n.2 (7th Cir. 2008); *Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000).

Defendants argue that Plaintiff's false arrest claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and/or fails to state a claim because a valid warrant existed at the time of Plaintiff's arrest. Defendants argue that Plaintiff's Fifth Amendment/*Miranda v. Arizona*, 384 U.S. 436, 444 (1966) claim has been foreclosed by the recent Supreme Court ruling in *Vega v. Tekoh*, 142 S. Ct.

2095 (2022).

Plaintiff alleges that on May 29, 2014, he was arrested at his home pursuant to an unconstitutional investigative alert and without a warrant and/or probable cause. (Dkt. 9, pg. 4.) In addition, he was interrogated for three days even though he had asked for his attorney to be present. (*Id.*, pgs. 4-5.) Plaintiff was allowed to proceed on a false arrest claim based on his allegations of being arrested based on an unconstitutional investigative alert. (Dkt. 11, pgs. 1-2.) Plaintiff was also allowed to proceed on a claim that Officer Cardo interrogated him in violation of the Fifth Amendment and *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

**Heck Bar**

"In *Heck v. Humphrey*, [512 U.S. 477 (1994), the Supreme Court] held that where success in a ... [42 U.S.C.] § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004). If the facts at issue in the civil suit are distinct from the issues decided in the criminal case, the *Heck* bar does not apply because a victory on the § 1983 claim would not necessarily imply the invalidity of the conviction. *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014). However, where the grounds for the conviction arise from the same facts underlying the plaintiff's constitutional claim, generally the claim will be barred by *Heck*, because typically the plaintiff cannot win without implying that he did not commit the crime. *See McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). It is irrelevant whether a plaintiff is directly attacking his conviction; "if [a plaintiff] makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Although a false-arrest claim does not necessarily imply the invalidity of a conviction, the *Heck* bar will apply if the plaintiff's allegations are inconsistent with guilt. *See Mordi v. Zeigler*, 870 F.3d 703, 708 (7th Cir. 2017). Here, Plaintiff merely alleges he was wrongfully arrested at his home without a warrant-although pursuant to an unconstitutional investigative alert. If Plaintiff were to prevail on his claim that his arrest was made pursuant to an unconstitutional investigative alert, his conviction would not be called into question. Thus, based on the allegations before the Court, his claim is not *Heck* barred.

**False Arrest Claim**

To prevail on a Fourth Amendment claim for false arrest, Plaintiff must establish that he was arrested without probable cause. *Gaddis v. DeMattei*, 30 F.4th 625, 630 (7th Cir. 2022). "Probable cause for an arrest provides an absolute defense to a false arrest claim." *Id*. (citing *Farnik v. City of Chicago*, 1 F.4th 535, 545 (7th Cir. 2021)).

"Generally, a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation." *Juriss v. McGowan*, 957 F.2d 345, 350 (7th Cir. 1992). "When a judge authorizes an arrest, as one did here, 'we presume the validity of [the] warrant and the information

offered to support it.'" *Dollard v. Whisenand*, 946 F.3d 342, 354 (7th Cir. 2019) (alteration in original) (quoting *Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019)). Further, it does not matter if the arresting officer was unaware of the warrant at the time of the arrest. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (explaining that an officer's subjective mistaken belief that probable cause exists for one offense does not give rise to a false arrest claim so long as probable cause existed for another offense; the officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause"); *see also Atkins v. City of Chicago*, 631 F.3d 823, 827 (7th Cir. 2011) ("But a person named in a valid warrant has no right to be at large, and so suffers no infringement of his rights when he is apprehended unless some other right of his is infringed….").

Here, Plaintiff alleged that he was wrongfully arrested pursuant to an investigative alert because it lacked probable cause. Plaintiff also alleged that no warrant existed but since that time Defendants have provided an existing warrant for Plaintiff's arrest. The Court takes judicial notice of that warrant. *Pugh*, 521 F.3d at 691, n.2; *Anderson*, 217 F.3d at 474–75. Plaintiff did not seek to amend his complaint nor did he respond to the motion to dismiss contesting the warrant. Thus, his false arrest claim fails to state a claim because the warrant established probable cause at the time of his arrest. *See Mosley v. Ripley County Ind.*, Case No. 21-cv-0167-SEB-DML, 2022 WL 3681814, at *8 (S.D. Ind. Aug. 25, 2022 (dismissing false arrest claim based on existing warrant at time of arrest); *Sherman v. Chiapetta*, Case No. 12 C 0953, 2012 WL 4793502, at *2 (N.D. Ill. Oct. 9, 2012) (same).

**Fifth Amendment/Miranda Violation Claim**

On June 23, 2022, the United States Supreme Court held that a *Miranda* violation provides no grounds for bringing a constitutional claim for money damages under Section 1983. *Vega v. Tekoh*, 142 S. Ct. 2095, 2107 (2022). The Supreme Court issued this decision after this Court allowed Plaintiff to proceed with a Fifth Amendment claim against Officer Cardo for failing to abide by *Miranda*. Defendants filed the instant motion seeking dismissal of this claim, and Plaintiff has not objected. Given the *Vega* decision and unopposed motion, this Court agrees and dismisses the Fifth Amendment/ *Miranda* violation claim. *See also Fosnight v. Jones*, 41 F. 4th 916, 923 (7th Cir. 2022) ("the Supreme Court recently made clear that a *Miranda* violation is not redressable in a suit for damages against a law-enforcement officer." (citing, *Vega*, 142 S. Ct. at 2107)).

For the forgoing reasons, Defendants' motion to dismiss is granted. Plaintiff's complaint is dismissed with prejudice for failure to state a federal claim as to any named or unnamed (John Doe) Defendants. Final judgment shall be entered.

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If Plaintiff accumulates three dismissals under 1915(g), he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger

3

of serious physical injury. *See* 28 U.S.C. § 1915(g). If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Date: 1/4/2023 /s/Sharon Johnson Coleman
Sharon Johnson Coleman
United States District Judge